IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ANTHONY JONES | § | C.A. No. |
| | § | |
| VS. | § | |
| | § | |
| CHEVRON U.S.A. INC., | § | |
| DANOS & CUROLE MARINE | § | |
| CONTRACTORS, INC., | § | |
| FLOATEL VICTORY LTD., and | § | |
| EMPIRE SCAFFOLD, L.L.C. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW INTO COURT, through undersigned counsel, comes Plaintiff Anthony Jones ("Plaintiff"), complaining of Defendants Chevron U.S.A. Inc., Danos & Curole Marine Contractors, Inc., Floatel Victory Ltd., and Empire Scaffold, L.L.C. (collectively "Defendants"), and, for cause of action, would respectfully show unto this Honorable Court the following:

**I. PARTIES**

1.1   Plaintiff Anthony Jones, is a U.S. citizen and resident of Louisiana.

1.2   Defendant Chevron U.S.A. Inc. ("Chevron"), is a foreign corporation with a principal place of business in the Southern District of Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process in accordance with Rule 4(h) Fed.R.Civ.P.

1.3     Defendant Danos & Curole Marine Contractors, Inc. ("Danos & Curole"), is a foreign corporation doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process in accordance with Rule 4(h) Fed.R.Civ.P.

1.4     Defendant Floatel Victory Ltd. ("Floatel"), is a Texas corporation doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process in accordance with Rule 4(h) Fed.R.Civ.P.

1.5     Defendant Empire Scaffold, L.L.C. ("Empire"), is a foreign limited liability company with a principal place of business in the Southern District of Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process in accordance with Rule 4(h) Fed.R.Civ.P.

## II. JURISDICTION

2.1     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction. This case is brought pursuant 28 U.S.C. § 1333, the general maritime law, and the Jones Act 46 U.S.C. § 30104.

2.2     The Court also has jurisdiction pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331, *et seq*.

### III.  VENUE

3.1     Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.  Venue is likewise pursuant to proper 28 U.S.C. § 1391, as one or more Defendants are located within this District and/or Division.

### IV.  FACTS AND NEGLIGENCE OF DEFENDANTS

4.1     At all material times hereto, Floatel owned, operated and/or crewed the *Floatel Victory,* the vessel involved in the incident made the basis of this suit, a vessel operating in navigable waters in the Gulf of Mexico at the time of the incident made the basis of this suit.

4.2     At all material times hereto, Plaintiff was employed by Empire working as a seaman and member of the crew of the *Floatel Victory*.

4.3     On or about January 26, 2015, while Plaintiff was performing his duties in the service of the vessel as directed, he sustained serious and debilitating injuries, when required to manually carry materials across the deck of the vessel connected to Chevron's Jack/St. Malo platform.

4.4     Plaintiff's injuries and resultant damages were caused by the negligence and/or gross negligence of Empire and/or Floatel, in the following particulars, among others:

    (a)     failing to take reasonable precautions for Plaintiff's safety;

    (b)     failing to provide Plaintiff with a reasonably safe place to work;

    (c)     requiring Plaintiff to work in unsafe conditions (*i.e*. dangerous sea and weather conditions);

    (d)    failing to provide Plaintiff with appropriate help or mechanical assistance in transporting the heavy materials;

    (e)    other acts of negligence and/or omissions to be shown at trial herein.

4.5    Plaintiff's injuries and resultant damages were caused by the negligence and/or gross negligence of Chevron and/or Danos & Curole, in the those particulars described in 4.4 above, as well as those below, among others:

    (a)    requiring that operations be performed in unsafe conditions (*i.e.* dangerous sea and weather conditions);

    (b)    failing to provide necessary and appropriate assistance in transporting project materials;

    (c)    other acts of negligence and/or omissions to be shown at trial herein.

4.6    Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Plaintiff was injured and the injuries which he sustained were proximately caused by the negligence and/or gross negligence, as those terms are understood in law, on the part of Defendants, their agents, servants and/or employees, including their company man, who were acting in the course and scope of their employment for Defendants at all times material to this cause of action.

4.7    Plaintiff would further show that Chevron and/or Danos & Curole had custody and/or control of the platform, and were responsible for maintaining the platform in a reasonably safe condition, free from hazards that would expose the Plaintiff to injury.

4.8     Chevron and/or Danos & Curole also maintained control over the details of the work being performed at the work site in question and the right of control over the work being performed by all of the men at the work site in question, including the Plaintiff. These defendants had the right of supervision of the details of the procedures, equipment, devices, instructions, methods, and manner of work being performed. Further, these defendants were in overall charge of safety at the job site in question, and owed Plaintiff a duty to exercise reasonable care to insure that said work by all contractors at the work site in question was done in a safe and prudent manner.

4.9     The federal regulations applicable to Chevron's platform specifically state, "The goal of your required SEMS program is to promote safety and environmental protection by ensuring all personnel aboard a facility are complying with the policies and procedures." 30 C.F.R. § 250.1901. The SEMS regulations contained in the Code of Federal Regulations set out a comprehensive scheme designed to ensure owners like Chevron develop and have in place a safety program that meets minimum safety requirements, to include general safety, hazard analysis, safety and environmental information, management of change, safe work practices, training, auditing, operating procedures, pre-startup review, record keeping, SOP work authority, ultimate work authority, reporting unsafe work conditions, and job safety analysis, among others. 30 C.F.R. § 250.1902. Pursuant to 30 C.F.R. § 250.1900, *et seq.*, Chevron and/or Danos & Curole had a non-delegable duty to supervise contractors on the platform, and for ensuring that all personnel on the platform followed Safe Work Practices.

5

Chevron and/or Danos & Curole were responsible for ensuring that all of its contractors worked together to operate in a safe and environmentally responsible manner.

## V.  COUNT 1 - JONES ACT

5.1     Plaintiff's injuries were suffered in the course of his employment and were caused by the negligence and/or gross negligence of Empire and/or Floatel, their its officers, agents, and/or employees, as described herein.

## VI.  COUNT 2 - UNSEAWORTHINESS

6.1     Plaintiff's injuries were caused by Floatel's breach of its absolute duty to furnish a seaworthy vessel.  The vessel was not properly manned or equipped to safely move the project materials.

## VII.  COUNT 3 - MAINTENANCE AND CURE

7.1     Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel.  As a result, Empire/Floatel had, and continue to have, a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and these duties therefore continue.  Empire/Floatel breached their absolute duty by denying payment of maintenance and cure.  As a result of Empire/Floatel's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues.  Plaintiff would further show that Empire/Floatel's failure to provide the benefits of maintenance and cure was not only

unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation of his condition caused by Empire/Floatel's failure, as well as attorney's fees, and punitive damages, for which he now sues, in addition to all other relief sought.

## VIII. DAMAGES

8.1     As a direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiff suffered personal injuries and the following damages, including, but not limited to: (a) mental anguish in the past; (b) mental anguish that he is likely to sustain in the future; (c) lost earnings; (d) loss of earning capacity; (e) permanent disfigurement; (f) physical impairment in the past; (g) physical impairment that he is likely to sustain in the future; (h) medical expenses in the past; (i) medical expenses that he is likely to incur in the future; (j) physical pain and suffering in the past; (k) physical pain and suffering that he is likely to sustain in the future; (l) pecuniary and non-pecuniary damages to which he is entitled, including punitive damages.

## IX. PRE-JUDGMENT INTEREST

9.1     Plaintiff is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff specifically sues for recovery of pre-judgment interest from the date of the occurrence made the basis of this suit until the date of the judgment herein, as provided by law and equity.

## X.  JURY DEMAND

10.1    Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays for judgment against Defendants for:  actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

           Respectfully submitted,

           */s/ Marcus R. Spagnoletti*
           Marcus R. Spagnoletti
           Texas Bar No. 24076708 / SDTX 1139660
           401 Louisiana Street, 8th Floor
           Houston, TX 77002
           Telephone:    713.653.5600
           Facsimile:    713.653.5656
           Email:        marcus@spaglaw.com

**OF COUNSEL**

SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:    713.653.5600
Facsimile:    713.653.5656

**ATTORNEYS FOR PLAINTIFFS**